UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-cr-478-T-23TGW
       8:17-cv-1280-T-23TGW

LOVELL WILLIAMS, JR.
_____/

# **O R D E R**

Under the terms of his plea agreement, Williams was convicted of being a felon in possession of a firearm, for which he is imprisoned for 180 months. Williams moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his sentence. Williams's motion is untimely.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Williams's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Williams's judgment was entered on August 27, 2013, and became final fourteen days later when the time to appeal expired on September 10, 2013. As a consequence, Williams's one-year limitation deadline was September 10, 2014. Williams's motion to vacate is dated May 15, 2017, which is more than two years late.

Williams asserts entitlement to a limitation under Section 2254(f)(3), which calculates one year from "the date on which the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Williams contends that *Mathis v. United States*, 136 S. Ct. 2243 (2016), affords him a new limitation under Section 2254(f)(3).

Williams pleaded guilty to being a felon in possession of a firearm. Because he has three prior convictions for the sale of cocaine and a prior conviction for a crime of violence, Williams qualifies as an armed career criminal under Section 4B1.4, United States Sentencing Guidelines. Williams scored an Offense Level 30 (after a three level reduction for acceptance of responsibility). Williams's rich and varied prior convictions earned him twenty-one points and a Criminal History Category VI — only thirteen points are necessary to qualify for the highest category. Based on this computation, Williams faced a mandatory minimum sentence of 180 months, an advisory guideline maximum of 210 months, and a statutory maximum of life imprisonment. Williams serves the mandatory minimum sentence of 180 months.

Williams contends that his sentence is unlawful under *Mathis*, which governs an offense's qualification as a "violent felony" under the Armed Career Criminal Act ("ACCA"). Williams serves a sentence imposed under the advisory sentencing guidelines. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), explains that a sentence under "the advisory Sentencing Guidelines [is] not subject to" the same

constitutional challenges as a sentence under the ACCA. As a consequence, *Mathis* is inapplicable.

Under the terms of the plea agreement, Williams waived the right to challenge the computation of his sentence. Even if he had not waived this right and even if *Mathis* was applicable, Williams would not gain a new limitation under Section 2254(f)(3) to challenge the computation of his sentence because "*Mathis* did not announce a 'new rule of constitutional law.'" *In re Orestes Hernandez*, ___ F.3d ___, 2017 WL 2350092 at *2 (May 31, 2017).

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a copy of this order in the criminal action and close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Williams is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Williams must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478

(2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Williams is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Williams must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 7, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE